# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2022

Lyle W. Cayce
Clerk

No. 18-60830
Summary Calendar

Ivonne Monserrat Arriaga Gonzalez; Hiram Mondragon Arriaga; Ximena Mondragon Arriaga,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 979 210
Agency No. A208 979 211
Agency No. A208 979 212

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Ivonne Monserrat Arriaga Gonzalez, together with her minor children Hiram Mondragon Arriaga and Ximena Mondragon Arriaga (the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-60830

petitioners), natives and citizens of Mexico, petition for review of the Board of Immigration Appeals's (BIA) decision dismissing their appeal from an order of the Immigration Judge (IJ) denying their applications for asylum, withholding of removal, and relief pursuant to the Convention Against Torture (CAT). We generally review only the BIA's decision except to the extent that the IJ's ruling influences the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

The petitioners do not challenge the agency's conclusion that they failed to establish persecution on account of Arriaga Gonzalez's imputed political opinion, and any such argument is abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). They do, however, challenge the BIA's conclusion that they failed to establish the required nexus between their family-based particular social group (PSG) and their feared persecution. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). Evidence in the record indicates that any harm the petitioners fear upon return to Mexico would not be on account of their family-based PSG but rather private criminality. Accordingly, the evidence does not compel a conclusion that the petitioners demonstrated past persecution or a well-founded fear of future persecution on account of a protected ground. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 270 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019); *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015).

Because the lack of nexus is dispositive of the asylum claim, *see Gonzales-Veliz*, 938 F.3d at 224-25; *Ramirez-Mejia*, 794 F.3d at 493, it is unnecessary to address the petitioners' arguments regarding whether the harm rose to the level of persecution and whether there is an objectively reasonable fear of future harm. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule, courts and agencies are not required to make

2

findings on issues the decision of which is unnecessary to the results they reach.")

Because the petitioners have failed to demonstrate their entitlement to asylum, they cannot satisfy the more demanding standard for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). The petitioners argue for the first time before this court that under the withholding of removal standard they must establish that a protected ground is only "a reason" for the persecution, rather than a "central reason" as is required for asylum claims. We lack jurisdiction to consider this unexhausted argument. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022).

With respect to the claims for CAT relief, the petitioners assert that it is more likely than not that they will be tortured with the acquiescence of Mexican officials if they return to their home country, and they argue primarily that the evidence and testimony presented establish official consent or acquiescence. They also maintain that the fact that family remains in Mexico without suffering harm is not dispositive of the claim, and that the IJ's and the BIA's reliance on that factor constituted legal error.

The IJ and BIA were entitled to consider the family's ability to relocate within Mexico to determine the likelihood that she would be tortured in the future. 8 C.F.R. § 1208.16(c)(3)(ii). Additionally, the BIA and the IJ did not rely on this fact alone; rather, BIA and the IJ considered facts that Arriaga Gonzalez had not suffered torture and that there was no particularized threat of torture upon return. She has abandoned any challenge to the IJ's and the BIA's findings on the issue of a particularized threat by failing to meaningfully address them. *See Soadjede*, 324 F.3d at 833. Moreover, the evidence shows that her family remains in Mexico unharmed. Thus, the record does not compel a conclusion that the petitioners are

No. 18-60830

entitled to CAT relief. *See* 8 C.F.R. § 1206.16(c)(2). Because the petitioners failed to show that a likelihood of torture if returned to Mexico, it is not necessary to consider whether any torture would be with the consent or acquiescence of the Mexican government. *See Bagamasbad*, 429 U.S. at 25.

Accordingly, the petition for review is DENIED in part and DISMISSED in part.